CHARLES MERRIAM *vs.* JAMES F. WHITTEMORE & others.

A judgment in favor of the defendant, upon a certificate of discharge in insolvency, set up in defence to an action on one contract, and then sought to be avoided on the ground that it was obtained by fraud, is conclusive evidence in his favor in another action against him by the same plaintiff on another contract, in which the same certificate of discharge is pleaded, and the same acts of fraud alleged in the replication; although the former judgment be not pleaded in this action; and although exceptions taken by other defendants upon distinct issues in the former action be still pending.

ACTION OF CONTRACT. Whittemore pleaded a certificate of discharge in insolvency; to which the plaintiff replied that it was obtained by .fraud. The other defendants were defaulted.

At the trial in the court of common pleas, before *Sanger*, J., the plaintiff introduced evidence tending to prove the frauds, alleged in the replication. The defendant then introduced a record of that court, of an action between the same parties at April term 1855, brought by the plaintiff against the defendants, upon other debts than those now in suit, to which action also Whittemore pleaded his certificate of discharge, and the jury found a verdict thereon in his favor, and a verdict on distinct issues against the other defendants, who alleged exceptions in that case, which were still pending.

The defendant was then permitted to prove, against the plaintiff's objection, that the plaintiff, at the former trial, introduced evidence of the same acts of fraud now alleged in the replication, and that they were submitted to that jury, and that the issue tried in that case upon the validity of the certificate of discharge was the same as in this case. The presiding judge thereupon stated that he should rule that if the same issue had once been tried, and a verdict and judgment rendered for Whittemore thereon, then, this being a suit between the same parties, they would be conclusive evidence against the plaintiff. The plaintiff thereupon submitted to a verdict for the defendant, and alleged exceptions.

*J. J. Clarke,* for the plaintiff. The defendant could not have pleaded the former judgment in bar of this action ; that judg-

ment therefore, is not conclusive evidence against the plaintiff. In order to make a judgment in one personal action a bar to another, the cause of action must be the same, and so appear from the record, or from the averments of the party pleading ; and the matter must have been directly adjudicated and within the cognizance of the court pronouncing judgment, and not merely a collateral point, arising incidentally in the course of the proceedings. *Jones* v. *Fales,* 4 Mass. 255. *Salem India Rubber Co.* v. *Adams,* 23 Pick. 256. *Minor* v. *Walter,* 17 Mass. 237. *Eastman* v. *Cooper,* 15 Pick. 279. *Kent* v. *Gerrish,* 18 Pick. 564. Even if the former judgment were a final judgment, it could not be conclusive upon the plaintiff without being pleaded. But exceptions having been taken to it, it was not a final judgment, and therefore cannot be conclusive. 1 Greenl. Ev. § 529 *& note.*

A. A. *Ranney & N. Morse,* for the defendant.

BIGELOW, J. This case clearly comes within all the legal tests by which the conclusiveness of former judgments as a bar to further suits is determined. The subject matter of judicial controversy had been drawn in question in a former action ; it was there directly put in issue; the parties to that suit were the same ; the issue was distinctly found by the jury, and a final judgment therein was rendered in favor of the defendant. 1 Greenl. Ev. §§ 528, 531. *Gilbert* v. *Thompson,* 9 Cush. 348. *Bigelow* v. *Winsor,* 1 Gray, 302. It is not necessary, in order to make a judgment conclusive, that the cause of action should be the same in the first suit, as in that in which the judgment is pleaded or relied on in bar. But it is essential that the issue should be the same. The judgment is then coextensive with the issue on which it is founded, and is conclusive only upon matters necessarily included within it. It comprehends any fact or title distinctly put in issue, and is a bar only so far as the same fact or title is again in dispute. The defendant, in the present case, did not set up the former judgment as a bar to the cause of action set out in the plaintiff's writ. This he admitted ; but he relied upon it as conclusive against any further litigation of the validity of his discharge in insolvency ; that

27 *

being the same issue, involving the same inquiry, which had already been tried and settled between himself and the plaintiff in the former action.   To this extent it was conclusive ; but it did not bar the plaintiff from trying any other issue which might properly arise in the case.   The judgment was not pleaded in bar or offered in evidence as a defence to the cause of action ; but only as a conclusive answer to the replication which the plaintiff had made to the defendant's discharge in insolvency. And for this reason it was not necessary for the defendant to set out the former judgment in his answer to this action.   It was an answer in the nature of a rejoinder to the plaintiff's replication, and was not required to be pleaded under *St.* 1852, *c.* 312, § 19.

The exceptions taken by the other defendants in the former suit did not in any way affect the rights of the present defend-ant.   That suit was finally determined as to him.   It was tried on separate issues, and a verdict was found in his favor, to which no exceptions were taken.   He was therefore entitled to a judgment thereon.   His insolvency severed the promise, so far as to entitle him to plead his discharge in bar, leaving his co-contractors liable.   *St.* 1838, *c.* 163, § 7.   *Bicknell* v. *Dorion,* 6 Pick. 484.                              *Exceptions overruled.*